UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN T. MARTINEZ,

        Plaintiff,

v.                                          Case No. 19-CV-12007
                                            Honorable Thomas L. Ludington
COMMISSIONER OF SOCIAL SECURITY,    Magistrate Judge R. Steven Whalen

        Defendant.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE COMPLAINT**

Plaintiff John T. Martinez brought this action for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. ECF No. 1. Plaintiff filed his disability application on September 11, 2014, alleging disability as of August 30, 2014. ECF No. 9-5 at PageID.289, 291. The application was denied. Plaintiff requested an administrative hearing, which was held before Administrative Law Judge Sloss (the "ALJ") on February 15, 2017. ECF No. 9-3 at PageID.154. The ALJ determined that Plaintiff was not disabled. *Id.* at PageID.167. Plaintiff appealed the decision to the Appeals Council. On January 13, 2018, the Appeals Council vacated the ALJ's decision and remanded the case for consideration of Plaintiff's visual impairment, use of a walking cane, and the evidentiary weight accorded to treating and non-treating medical sources. *Id.* at PageID.175–76. At the second hearing, on May 24, 2018, the ALJ heard testimony from Plaintiff and from Vocational Expert Pauline McEachin (the "VE"). ECF No. 9-2 at PageID.95–98. On June 28, 2018, the ALJ again

determined that Plaintiff was not disabled. The ALJ further determined that Plaintiff had the Residual Functional Capacity ("RFC") for exertionally light work with certain limitations:

> He can occasionally climb ramps or stairs, and can occasionally balance. He must avoid concentrated exposure to vibration and to hazards. He can perform simple, routine tasks, in work that has only occasional changes in the work setting, and that involves only occasional interaction with the general public.

*Id.* at PageID.48. Plaintiff appealed the decision to the Appeals Council, but the Appeals Council declined to review the decision. *Id.* at PageID.34–37. Plaintiff then filed suit in this Court on July 8, 2019. ECF No. 1. The case was referred to United States Magistrate Judge R. Steven Whalen. ECF No. 3.

On October 30, 2019, Plaintiff moved for summary judgment. ECF No. 13. On February 3, 2020, the Commissioner filed a cross-motion for summary judgment. ECF No. 19. Plaintiff filed a timely reply. ECF No. 20. On June 30, 2020, Magistrate Judge Whalen issued a Report and Recommendation which recommended that the Court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion, and affirm the Commissioner's final decision in this case. ECF No. 21. Plaintiff filed timely objections to the Report and Recommendation, to which the Commissioner replied. ECF Nos. 22 and 25. For the reasons stated below, Plaintiff's objections will be overruled, the Report and Recommendation will be adopted, Plaintiff's motion for summary judgment will be denied, the Commissioner's motion will be granted, and the complaint will be dismissed with prejudice.

**I.**

**A.**

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the

record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that he is precluded from performing his past relevant work. At Step Five, the burden shifts to the

Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions

of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

Plaintiff raises three objections to the Report and Recommendation: (1) that the RFC determination with respect to Plaintiff's visual impairments is not supported by substantial evidence; (2) that the RFC determination with respect to Plaintiff's neurocognitive impairments is not supported by substantial evidence; and (3) that the Commissioner failed to carry its burden in step 5 of the sequential evaluation process because of the flawed RFC determination. *See* ECF No. 22. Plaintiff did not label his objections as instructed in the Report and Recommendation; the identification of each argument above was performed by the Court for this opinion. ECF No. 21 at PageID.735. Accordingly, Plaintiff's objections were not stated with specificity and are therefore not entitled to de novo review. *Mira*, 806 F.2d at 637.

### A.

Plaintiff first objects that the RFC determination with respect to Plaintiff's visual impairment is not supported by substantial evidence. ECF No. 22 at PageID.738–39. Plaintiff suffered a stroke in 2014 and has since complained of visual impairment. ECF No. 9-7 at PageID.418–50. Despite his subjective complaints, examinations performed in 2015 revealed only "mild" visual field problems with 20/30 vision. *Id.* at PageID.514, 565, 567. In support of his objection, Plaintiff argues that the ALJ failed to consider the functional limitations of his visual impairments and incorporate such limitations into his RFC determination. ECF No. 22 at PageID.739. According to Plaintiff, the fact he retains "central visual acuity of 20/30 bilaterally does not close the issue as to whether he has a vision problem." *Id.* at PageID.739. Thus, "the RFC

determination was deficient and the ALJ's determination at step 5 . . . is not supported by substantial evidence." *Id.* at PageID.740.

Plaintiff's allegation that the ALJ failed to consider the functional limitations of his visual impairments is meritless. In reaching his decision, the ALJ specifically addressed Plaintiff's visual impairments, including the evaluations in 2015 and Plaintiff's apparent experience of "blind spots." ECF No. 9-2 at PageID.49–51. Plaintiff cannot obtain relief because the ALJ, in his discretion, discounted Plaintiff's allegations on account of the 2015 examinations and the fact that Plaintiff's vision appeared normal at the hearing. *Id.* at 18.

Magistrate Judge Whalen discussed the evidence as follows:

> To be sure, the records show that Plaintiff experienced some degree of visual impairment immediately following the stroke. However, the records do not support that the visual problems lasted 12-months or longer as required to establish disability. Notably, as of [February 2015], Plaintiff reported only "mild" right visual field problems with 20/30vision (Tr. 475). Contrary to Plaintiff's report that he experienced "spots" in his vision, an [April 2015] eye exam revealed normal results (Tr. 525, 528).

ECF No. 21 at PageID.730. After reviewing the evidence, Magistrate Judge Whalen ultimately agreed with the ALJ that "the record does not support Plaintiff's claim of long-term, stroke induced vision loss." *Id.* Plaintiff offers no good reason to doubt Magistrate Judge Whalen's finding regarding the sufficiency of the evidence. Accordingly, Plaintiff's first objection will be overruled.

**B.**

Plaintiff's second objection is that the RFC determination with respect to Plaintiff's neurocognitive impairments was not supported by substantial evidence. Plaintiff suffers from a "moderate limitation in understanding, remembering, and applying information." ECF No. 21 at PageID.732; ECF No. 9-7 at PageID.521 (Dr. Gleason's report). Magistrate Judge Whalen found that the ALJ adequately considered Plaintiff's neurocognitive impairments when the ALJ restricted

the RFC to "simple, routine tasks with few changes in the workplace and only occasional interaction with the general public." ECF No. 21 at PageID.731–32 (internal quotation marks omitted). Plaintiff contends that this limitation is inadequate because "[n]either the Commissioner nor the Magistrate Judge has established a correlation between memory functions within the borderline range and the ability to successfully perform simple, routine tasks."[1] ECF No. 22 at PageID.741.

Plaintiff's argument is unpersuasive. First, Plaintiff offers no authority for the proposition that the Commissioner must establish a "correlation" between a specific memory assessment and a limitation in the RFC. Second, as Magistrate Judge Whalen observed, restricting the RFC to "simple, routine tasks" in consideration of Plaintiff's "moderate limitation in understanding, remembering, and applying information" was plainly consistent with Sixth Circuit precedent. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (holding that "the limitation to simple, routine, and repetitive tasks adequately conveys [the claimant's] moderately-limited ability to maintain attention and concentration for extended periods.") (internal quotation marks omitted). Plaintiff fails to distinguish *Smith-Johnson* or to show how the record warrants a more restrictive RFC. Accordingly, Plaintiff's section objection will be overruled.

## C.

Plaintiff's third objection is that the Commissioner failed to meet his burden at Step 5 of the sequential evaluation process. Specifically, Plaintiff contends that "[b]y failing to consider the vocationally limiting effects of all of Plaintiffs' medically determinable impairments, the

---

[1] To the extent Plaintiff challenges the ALJ's hypotheticals to the VE, he waived this challenge by failing to raise it at the hearing. *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 636 (6th Cir. 2016) (holding that claimant forfeited argument regarding hypothetical by failing to "probe [the] alleged deficiency at the ALJ hearing").

- 8 -

Commissioner's RFC determination cannot serve as a basis for his determination at step 5." ECF No. 22 at PageID.742.

While Plaintiff frames this objection as relating to Step 5, the objection is clearly a "veiled attack on the ALJ's underlying RFC finding." *Kirchner v. Colvin*, No. 12-CV-15052, 2013 WL 5913972, at *11 (E.D. Mich. Nov. 4, 2013). Plaintiff's only arguments in favor of a more restrictive RFC determination have already been rejected above. Accordingly, given that the RFC determination was supported by substantial evidence, Plaintiff's third objection will be overruled.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's objections to the Report and Recommendation, ECF No. 22, are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Whalen's Report and Recommendation, ECF No. 21, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

It is further **ORDERED** that the Commissioner's Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Dated: September 3, 2020    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge